HENRY *et al.* *v.* TRAVELERS' INS. CO.

*(Circuit Court, D. Colorado. March 19, 1888.)*

EQUITY—PRACTICE—DECREE—MODIFICATION.
Where a decree finds a contract regarding various loans made by defendant, and directs an accounting thereof, a motion to modify the decree so as to except certain of the loans will be denied, although an appeal has been allowed, since the decree, if interlocutory, can be corrected on the coming in of the master's report, and, if final, by the supreme court.

On Motion to Modify a Decree. The original opinion is reported in 33 Fed. Rep. 132.

*J. P. Brockway,* for complainants.
*Wolcott & Vaile,* for defendant.

BREWER, J. On the 13th of January, 1888, a decree was signed and entered, and now a motion has been made for a modification of that decree. Notice was given to complainants, who, however, failed to appear, presenting by mail several objections, such as insufficiency of notice, irregularity of modifying a decree upon motion, as well as that the facts did not justify any such modification. The defendant wishes the decree modified in two respects: one, by the insertion of a clause excluding the private debts of the complainants Henry and the Colorado Loan & Trust Company; and the second, by excluding two loans,—one of March 10, 1884, for $60,000, and one of April 1, 1884, for $20,000, secured by deeds of trust upon some farm lands belonging to two of the ditch companies. So far as the first matter is concerned, it is clearly unnecessary. The decree does not include the private debts referred to, and when the decree was being prepared the language of the draft as presented to me was changed purposely, and with the knowledge of counsel, so as not to include such debts. The opinion which I filed indicated that they were not included, and their omission from the decree is fully as potent as a special clause excluding them. The provision in the decree for a state-

ment by the master of the account between complainants and defendant was made under the belief that when the whole account was stated, if any single item was challenged by either party as improperly placed, either among Mr. Henry's private debts or among those of the ditch companies, the matter could be separately inquired into by the court, and the error, if any there was, corrected without a further reference to the master.

With regard to the other matter I am not so clear, and cannot positively determine without re-examining at some length the volumes of testimony. I do not feel that it is incumbent on me to make that examination, for I think the rights of both parties can be preserved without any present modification of that decree. I regard the decree as an interlocutory one. True, on the application of the defendant, I allowed an appeal as though it were a final decree, for the question whether it is final or interlocutory is one which the appellate court must finally decide. I feel in duty bound to render every assistance to a party against whom I rule to enable him to present that adverse ruling to the supreme court in such manner as he deems best. Of course, if it is to be a final decree, and there was error in finding, as I did, the existence of a contract, the supreme court will reverse the decree *in toto.* If, on the other hand, they sustain my finding as to the existence of the contract, but hold that it did not include these farm mortgages, then the decree will be reversed *pro tanto.* So, if it should be adjudged, as I think it will, that this is a mere interlocutory decree, then, on the coming in of the report of the master, the matter now presented in this application for a modification can be fully considered, and a final decree entered according as the facts require; for it is abundantly settled that up to the time of the final decree the case is within the control of the court, and an error or mistake in any interlocutory matter or decree can be then corrected. So, without attempting now to decide whether these farm mortgages were included within the terms of the contract, the application will be overruled.